| iBARRY, Judge,
dissenting with reasons.
The majority errs by stating that the reorganization plan did not provide for any claim by Terrebonne against Placid. Under the first amended reorganization plan (dated December 12, 1986 and confirmed April 16, 1987) no claims against the estate were definitively adjudicated and Terrebonne reserved its right to object to any and all claims and to pursue its claims against other parties. The plan permitted Placid’s claims against Terre-bonne to be balanced against the tort claims that Terrebonne would assert against Placid. Section 15.3 of the plan provided:
[T]he Debtor reserves all claims, demands, causes of action, and powers that it may have under the Bankruptcy Code and reserves the rights, absent a Liquidation, to have Reorganized Terrebonne enforce the same at times and on terms and conditions as Reorganized Terrebonne, in its sole discretion, deems fit, including making objections to claims.
Before confirmation of the reorganization became final, Terrebonne asserted its claim that Placid forced it into bankruptcy. The bankruptcy court dismissed Terrebonne’s claim for equitable subordination and declined to exercise jurisdiction over Terre-bonne’s claim against Placid, essentially a claim “of breach of contract, which action can and should be brought in state court.” In re Terrebonne Fuel & Lube, Inc., 87-0130 (Bankr.E.D.La. 6/29/89). Terrebonne did not appeal, but filed the claim in state court. Placid filed an exception of res judicata in state court. Years later Placid filed a recon-ventional demand. Terrebonne went back to bankruptcy court and moved that Placid be held in contempt for seeking damages in state court which had been discharged. Placid requested the bankruptcy court order Terrebonne to dismiss its state court claims on the grounds of res judicata. The bankruptcy court held Placid in contempt and dismissed Placid’s motion because the court lacked jurisdiction more than three years after the plan was confirmed. Placid appealed to the U.S. district court. By that time the state court (Civil district court) had overruled the exception, trial had been 12held and Terrebonne was awarded $500,000. This appeal had also been filed. The U.S. District Court held that the state court judgment made the appeal from the bankruptcy court moot and dismissed the action. Placid appealed to the U.S. Fifth Circuit.
The Fifth Circuit affirmed for different reasons. The Court stated-that the appeal actually related to the bankruptcy court’s 1989 order dismissing Terrebonne’s claims against Placid, which was erroneous; however, no rehearing was requested. The Court explained that Terrebonne’s claims had not been adjudicated in the reorganization order; if the claims had been finalized, Terrebonne’s *92 state court litigation would have been barred by res judicata. However, because the lender-liability issues were not definitively adjudicated in the reorganization order and the bankruptcy court abstained from hearing Terrebonne’s breach of contract claim, the Fifth Circuit concluded that “[i]t was therefore entirely appropriate for the state court to proceed with the litigation_” 93-3553 (5th Cir. 4/4/94), slip op. at 7.
This is not a situation where the reorganization plan adjudicated all claims. Terre-bonne was not attempting to relitigate in state court its claims against Placid which were or could have been raised in bankruptcy court. Terrebonne expressly reserved its right to file such a claim after reorganization.
The Louisiana district court correctly overruled Placid’s res judicata exception. Unlike Eubanks v. FDIC, 977 F.2d 166 (5th Cir.1992) and Bank of Lafayette v. Baudoin, 981 F.2d 736 (5th Cir.1993), Terrebonne’s lender-liability claims against Placid were not definitively resolved by the confirmed reorganization order. Terrebonne reserved its rights to all claims and causes of action including making objections to claims. Unlike Bau-doin the state court judgment was not inconsistent with the confirmed plan of reorganization.